UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

PATRICK HENRY,

                                      Plaintiff,

-against-

CITY OF NEW YORK, GERARD DELPRETE, Individually,
PHILIP VACCARINO, Individually, ANDREY SMIRNOV,
Individually, ANTHONY MASSONI, Individually, and JOHN
and JANE DOE 1 through 10, Individually, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                      Defendants.

--------------------------------------------------------------------------X

**AMENDED COMPLAINT**

14 CV 2619
(FB) (VVP)

<u>Jury Trial Demanded</u>

       Plaintiff PATRICK HENRY, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and the Constitution of the State of New York.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff PATRICK HENRY is a twenty-three year old African American man who resides in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, GERARD DELPRETE, PHILIP VACCARINO, ANDREY SMIRNOV, ANTHONY MASSONI, and JOHN and JANE DOE through 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On October 4, 2012, at approximately 8:00 p.m., in the vicinity of Fillmore Street and Tyson Street, Staten Island, New York, defendant NYPD officers including, but not limited to, GERARD DELPRETE, PHILIP VACCARINO, ANDREY SMIRNOV and ANTHONY MASSONI, were involved in beating the plaintiff.

13.     During the encounter, defendant DELPRETE called plaintiff a fucking nigger prior to punching plaintiff in the face.

14.     DELPRETE and VACCARINO thereafter repeatedly punched plaintiff, struck plaintiff with a hard object, and sprayed him with a chemical agent.

15.     As a result of the aforementioned attack, plaintiff fell to the ground.

16.     Once plaintiff was on the ground, defendants DELPRETE and VACCARINO repeatedly kicked plaintiff and placed handcuffs on his wrists.

17.     During the beating, defendants SMIRNOV and MASSONI arrived and, upon information and belief, also participated in assaulting and arresting plaintiff.

18.     Plaintiff was thereafter transported to Richmond University Medical Center for treatment.

19.     At Richmond University Medical Center, plaintiff was diagnosed with, *inter alia*, an ethmoid bone fracture, a one centimeter superficial laceration to his right temple, a two centimeter linear laceration to his right cheek, a two centimeter semi-lunar laceration to his left

cheek, a two and one half centimeter linear laceration to his left cheek, a one centimeter linear laceration adjacent to his left eye, and injuries to his left eye including left periorbital edema, ecchymosis, and hemorrhage, with tenderness over his left zygoma.

20. Plaintiff's facial laceration required thirteen stitches to close.

21. Defendant SMIRNOV, who holds the rank of sergeant, supervised defendants DELPRETE, VACCARINO, MASSONI, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the use of force against plaintiff.

22. Defendants DELPRETE, VACCARINO, SMIRNOV, MASSONI, and JOHN and JANE DOE through 1 through 10 either directly participated in the foregoing acts or failed to intervene despite being present and a meaningful opportunity to do so.

23. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality, and pursuant to customs or practices of falsification, covering up, and using unnecessary force to show "who's boss".

24. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the use of force, and they engage in a practice of falsification and/or covering up abuse of authority and other misconduct.

25. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to

violate the plaintiffs' civil rights.

26. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

27. As a result of the foregoing, plaintiff PATRICK HENRY sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiff PATRICK HENRY, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

32. The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34. As a result of the foregoing, plaintiff PATRICK HENRY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff PATRICK HENRY'S constitutional rights.

37. As a result of the aforementioned conduct of defendants, plaintiff PATRICK HENRY was subjected to excessive force and sustained physical injuries and emotional distress.

38. As a result of the foregoing, plaintiff PATRICK HENRY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants had an affirmative duty to intervene on behalf of plaintiff PATRICK HENRY, whose constitutional rights were being violated in their presence by other officers.

41. The defendants failed to intervene to prevent the unlawful conduct described herein.

42. As a result of the foregoing, plaintiff PATRICK HENRY was subjected to excessive force, unreasonably delayed medical attention, she was put in fear of his safety, and she was humiliated.

43. As a result of the foregoing, plaintiff PATRICK HENRY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The defendants subjected plaintiff PATRICK HENRY to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

46. As a result of the foregoing, plaintiff PATRICK HENRY was deprived of his rights under the Equal Protection Clause of the United States Constitution.

47. As a result of the foregoing, plaintiff PATRICK HENRY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

50. As a result of the foregoing, plaintiff PATRICK HENRY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, subjecting

individuals to excessive force. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees, and using unnecessary force to show "who's boss", that was the moving force behind the violation of plaintiff PATRICK HENRY'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

54.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff PATRICK HENRY.

55.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff PATRICK HENRY, as alleged herein.

56.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff PATRICK HENRY, as alleged herein.

57.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff PATRICK HENRY was subjected to excessive force.

58.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff PATRICK HENRY'S constitutional rights.

59. All of the foregoing acts by defendants deprived plaintiff PATRICK HENRY of federally protected rights, including, but not limited to, the right:

    A.    To be free from the use of excessive force;

    B.    To be free from the failure to intervene; and

    C.    To receive equal protection under law.

60. As a result of the foregoing, plaintiff PATRICK HENRY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff PATRICK HENRY demands judgment and prays for the following relief, jointly and severally, against the defendants:

    (A)    full and fair compensatory damages in an amount to be determined by a jury;

    (B)    punitive damages against the individual defendants in an amount to be determined by a jury;

    (C)    reasonable attorneys' fees and the costs and disbursements of this action; and

    (D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       October 30, 2014

                                         LEVENTHAL & KLEIN, LLP
                                         Attorneys for Plaintiff PATRICK HENRY
                                         45 Main Street, Suite 230
                                         Brooklyn, New York 11201
                                         (718) 722-4100

                                         By: _____
                                               BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

PATRICK HENRY,

                                         Plaintiff,

                                       14 CV 2619
    -against-                             (FB) (VVP)

CITY OF NEW YORK, GERARD DELPRETE, Individually,
PHILIP VACCARINO, Individually, ANDREY SMIRNOV,
Individually, ANTHONY MASSONI, Individually, and JOHN
and JANE DOE 1 through 10, Individually, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                   Defendants.

--------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100